JULIO N. CHARDÓN, Plaintiff and Appellant, *v.* CARLOS LAFFAYE, Defendant and Appellee.

No. 5467.   Argued December 9, 1932.—Decided June 15, 1934.

*Diego O. Marrero* for appellant.   *R. Castro Fernández* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Julio N. Chardón commenced suit in the District Court of San Juan for an injunction against Carlos Laffaye, and pending final hearing, a preliminary injunction was prayed for. The parties were heard upon the petition for preliminary injunction, presented their testimony, and the court issued the order. This order was affirmed by this court on appeal. *Chardón* v. *Laffaye*, 43 P.R.R. 623.

At the hearing upon the permanent injunction, the parties submitted to the district court the same pleadings and proof upon which the preliminary injunction was issued. Upon this the court issued the permanent injunction, and the defendant took this appeal.

The facts of this case appear in the opinion which was written upon the decision of the first appeal above referred to, and we shall consequently limit ourselves to a brief résumé of the substantial facts.

Plaintiff and defendant were associated in a civil professional partnership and made a contract with the Municipality of San Juan to bore four deep wells to augment its water supply. That partnership was dissolved by mutual consent, and the defendant Laffaye sought to use for his own private business a pump which the partnership had bought for the municipal wells. The plaintiff sought and obtained an injunction prohibiting him from using that pump in his private business.

The first two errors assigned for the present appeal are in condensed form as follows: first, the failure of the court below to consider and sustain the demurrer to the petition for injunction; second, the holding that the status of the partnership of Chardón & Laffaye at the commencement of the suit was that of a community of property (*comunidad de bienes*) and not that of a partnership in liquidation.

The questions raised by these two assignments were decided against the appellant in the opinion which we wrote in deciding the appeal that he took from the order granting the preliminary injunction, and consequently we are not required to consider them now, in view of the fact that no other pleadings or new evidence was presented and that we have not been convinced that our decision is in any respect erroneous. In *Rodgers* v. *Pitt et al.*, 129 Fed. 932, it was said that all questions decided on a motion for a preliminary injunction are open for review on the final hearing, but the prior decision should be adhered to unless additional facts appear

which require its modification or reversal, or it clearly appears that an error was committed.

The third assignment is that the court below considered and decided a situation involving the Municipality of San Juan on account of the loss of the pump, when such question was not raised by the pleadings.

In the petition for injunction it was alleged that the partnership bought the pump in question to be installed in one of the four deep wells being bored under the contract with the Municipality of San Juan to supply the city with an agreed number of gallons of water per minute, and that such pump was installed on well No. 3 and the head of the same on well No. 2 of the four wells.

One of the grounds which the court below had for rendering the judgment appealed from was that, if one of the four pumps should be lacking, the situation would be very serious, because the partnership was obligated by its contract with the municipality, at any time that an engineer of the Department of the Interior or of the Municipality of San Juan should require, to show that the wells were supplying to the pipeline of the San Juan water supply 3,000,000 gallons a day, which sometimes, but not always, was possible with three pumps; but that in case it should not be possible with three, it was indispensable to have the fourth pump ready to work whenever necessary, either because the other three pumps did not pump the number of gallons contracted for or because one of the three might be out of commission, and that if at any time during the trial period provided for in the contract, they should fail to supply the 3,000,000 gallons of water, the Municipality of San Juan would have the right to refuse to accept the wells.

The holding of the court below which is attacked in the third assignment of error is related to the allegation of the petition above referred to, with respect to the contract to drill four wells for the municipality to furnish an agreed number of gallons and the installation of the pump in one

of the four wells. There is in consequence no error, since if the pump should be left off one of the four wells, it might be that the three remaining pumps would not furnish the number of gallons agreed upon.

The fourth assignment is that the evidence is not sufficient to justify the judgment appealed from.

We have already stated at the beginning that the evidence presented at the hearing on the permanent injunction is the same as that upon which the preliminary injunction was issued. We have heretofore affirmed the issuance of the preliminary injunction; and if the evidence was then sufficient, it is now sufficient for the permanent injunction. Moreover, whether the pump was at one of the wells in Hato Rey or not when the defendant tried to use it in Bayamón is not a question of importance, because the fundamental fact in this case is that the defendant was attempting to use it for his own private business when it is also property of the plaintiff.

Nor is the fifth and last assignment of error that the judgment was contrary to law well founded.

This deals with matters set up on demurrer to the petition and which we have already decided in the previous case between the parties. The fact that the plaintiff was one of the unsuccessful bidders at the auction for the Bayamón well is not sufficient ground to prevent him from obtaining an injunction in this case; neither is the fact that that municipality might suffer damage because that pump is not working there, because it could be substituted by another; nor is the fact that in the deed of dissolution it was agreed that any difference of opinion, disagreement, or dispute between the liquidators should be submitted to arbitration, since the attempt of one of the liquidators to use the pump for his own purposes is not a difference of opinion, disagreement, or dispute. In brief, the appellant had no right to use the pump for his own benefit and his own private work over the opposition of the other co-owner.

The judgment appealed from must be affirmed.